IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA Y. WEINACKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **1:15-cv-00267-AK-C** |
| **CHARLES BAER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

The court has for consideration Donald A. Friedlander, Jonathan B. Friedlander, and the Friedlander Law Firm's (collectively "the Friedlander Defendants") motion for a more definite statement. Doc. 15. The Friedlander Defendants contend that the "[p]laintiff's complaint is the 'proverbial shotgun pleading' . . . [and] is so vague and ambiguous that defendants cannot reasonably prepare a response." *Id.* at 2. The court agrees.

The Eleventh Circuit has "frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand . . . ." *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (en banc)(citing *Morro v. City of*

1

*Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997)). Shotgun pleadings implicate (and typically violate) several of the Federal Rules of Civil Procedure. For instance, Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of that requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(d) also demands that "[e]ach allegation [in a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (alterations and emphasis supplied). Yet there is nothing "short and plain," or "simple, concise, and direct" about a shotgun pleading; if left undisturbed, a shotgun pleading forces a court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." *Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) (alteration supplied).

The court has reviewed plaintiff's complaint, which is 118 pages in length and, contrary to the plaintiff's contention, *see* doc. 20, is challenging to comprehend, to put it mildly. As the Friedlander Defendants aptly put it, the complaint, "in paragraphs 29 - 195, contains a recitation of 166 disjointed 'facts' . . . [and] in paragraphs 196-269, then states 73 disjointed paragraphs that are a mix of 'facts' and 'conclusions.'" Doc. 15 at 1. These paragraphs are followed by "14 separate claims

2

for relief that span some 33 pages of text[,]" with each claim incorporating all other paragraphs of the complaint. *Id.* The court does not need to try to make sense of plaintiff's contentions because there is simply no reading of Rule 8 that would find that this 118 page complaint satisfies the "short and plain," or "simple, concise, and direct" requirements. Moreover, the wholesale incorporation by reference of the first 269 paragraphs of the complaint into the claims for relief "is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (internal citation omitted).

The "aggregate negative effects of shotgun pleadings on trial courts have been noted with great concern by" the Eleventh Circuit. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 n.10 (11th Cir. 2002); *see also id.* at 1295 n.9 (reviewing Eleventh Circuit cases that exhibit "great dismay" regarding shotgun pleadings); *Byrne v. Nezhat*, 261 F.3d 1075, 1129-32 (11th Cir. 2001) (explaining the evils of shotgun pleadings). Given the valid concerns expressed by the Eleventh Circuit, the court will not allow plaintiff to use a poorly drafted and deficient complaint to force defendants (as well as the court) to divine the nature of and facts supporting each of her claims. *See, e.g., Pelletier*, 921 F.2d at 1517

(disapproving of a shotgun pleading that required defendant and the court to, among other things, "sift through the facts presented . . . ."). Instead, the proper course is to require plaintiff to replead her claims in conformity with the Rules.

Therefore, the Friedlander Defendants' motion for a more definite statement is **GRANTED**. Plaintiff is **ORDERED** to file, by **August 21, 2015**, an amended complaint that complies with the Federal Rules of Civil Procedure, especially Rules 8 and 10. The amended complaint, which should be **no more than 35 pages**, must organize plaintiff's claims into separate counts. Each count must state the facts that support it. Each count must also specifically identify the defendant against which the claim is asserted. Plaintiff's further failure to comply with Federal Rules of Civil Procedure or this order may result in the dismissal of her claims with prejudice.

In light of this order, the defendants' deadline to file a responsive pleading is extended to September 21, 2015.

**DONE** this 21st day of July, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE