[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15978
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00267-AK-C


TERESA Y. WEINACKER,

                                      Plaintiff-Appellant,

versus

CHARLES BAER, et al.,

                                      Defendants,

CHARLES BAER,
TRAVIS M. BEDSOLE Jr.,
HENRY A. CALLAWAY,
KRISTI K. DUBOSE,
DONALD A. FRIEDLANDER,
JONATHAN B. FRIEDLANDER,
IRVIN GRODSKY,
CALLIE V.S. GRANADE,
CHARLES HENDRICKS,
KATHERINE P. NELSON,
LISA M. REITER,
WILLIAM S. SHULMAN,
AMY WHITE,
KENYEN RAY BROWN,

JOHN CHERRY,
FRIEDLANDER LAW FIRM,
HAND ARENDALL LLC,
ROGER L. BATES,
JAMES T. ALLEN,
IRVIN GRODSKY PC,
NATIONAL LOAN ACQUISITIONS COMPANY,
ROBERT STEVENSON,
DAVID R. QUITTMEYER,
MICHAEL HENRY, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 25, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Teresa Weinacker, proceeding pro se, appeals the district court's dismissal of her second amended complaint[1] -- pursuant to Fed. R. Civ. P. 12(b)(6) -- for failure to state a claim. No reversible error has been shown; we affirm.

---

[1] Weinacker filed a third amended complaint, which the district court struck as futile. Weinacker raises no challenge to that ruling on appeal.

Weinacker filed this 23-count civil action against 34 named defendants.[2] Briefly stated, Weinacker purported to allege several violations of her constitutional and statutory rights that occurred during the course of her company's Chapter 11 bankruptcy proceeding and during Weinacker's later federal criminal proceeding.[3]

In a thorough and reasoned order, the district court granted defendants' motions to dismiss. The district court concluded that Weinacker's complaint -- which the district court described as a "quintessential shotgun pleading" -- failed to state a claim upon which relief could be granted.

The district court first concluded that Weinacker stated no claim against defendants McMillon, Roberts, and Hendricks (Wal-Mart executives and counsel) because the complaint contained no specific allegations against these defendants or other information from which the court could infer wrongdoing. The district court also dismissed Counts 8, 9, 13, 18, 19, and 20 as unsupported legal conclusions.

The district court next dismissed Weinacker's claims under 42 U.S.C. § 1981 because Weinacker failed to allege that she was a member of a racial

---

[2] The named defendants include federal judges and judicial officers, assistant United States Attorneys, agents of the Federal Bureau of Investigation, various federal agencies and agency directors, private attorneys, private law firms, and two corporations and their executive officers.

[3] Weinacker also purported to assert against defendants state-law claims for outrage, intentional infliction of emotional distress, abuse of process, and for loss of consortium. Weinacker raises no challenge to the dismissal of these claims on appeal; they are abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Weinacker also abandons expressly her claims under criminal statutes 18 U.S.C. §§ 241 and 242.

minority.  The district court also dismissed Weinacker's 42 U.S.C. § 1985 claims because Weinacker made no allegation that the alleged conspiracy was motivated by a racial or other class-based discriminatory animus.  Because Weinacker stated no claim for relief under section 1985, the district court also concluded that Weinacker's derivative claims under 42 U.S.C. § 1986 were subject to dismissal.  The district court also dismissed -- as inapplicable to non-lawyer pro se litigants -- Weinacker's claims under 42 U.S.C. § 1988.

About Weinacker's claims under 42 U.S.C. § 1983, the district court concluded that (1) to the extent Weinacker's claims alleged damages related to her criminal conviction and sentence -- neither of which had been invalidated -- her claims were barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994); and (2) Weinacker's section 1983 claims were otherwise barred by the applicable statute of limitations.

The district court next considered the different categories of defendants named in Weinacker's complaint.  The district court determined that prosecutors Baer, Brown, and Cherry were entitled to absolute prosecutorial immunity for acts taken in performance of their function as advocates for the government.  Moreover, to the extent Weinacker sought to assert a defamation claim against Brown, she had failed to demonstrate a constitutional injury.  The district court then concluded that U.S. District Court Judges DuBose and Granade, Magistrate Judge Nelson,

4

Bankruptcy Judge Shulman and Bankruptcy Administrator Bedsole were entitled to judicial immunity.

The district court then addressed Weinacker's claims against United States Attorneys General Lynch and Holder; FBI Director Comey; and Director of the Administrative Office of the United States Courts Duff -- each sued in their individual and official capacities -- and against their respective federal agencies. The district court construed Weinacker's claims against the federal agencies and the official-capacity claims against the agency directors as claims against the United States and concluded that those claims were barred by sovereign immunity. The district court also dismissed Weinacker's individual-capacity claims against the agency directors because Weinacker had failed to allege that the directors had personal involvement or knowledge of the alleged unlawful conduct.

The district court dismissed Weinacker's claims against the private lawyers and private law firms because (1) the Sixth Amendment provides no cause of action against a private lawyer; and (2) Weinacker failed to demonstrate that the private lawyers' conduct was attributable to the state, as required to state a claim under 42 U.S.C. § 1983.

We review de novo a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most

5

favorable to the plaintiff.  Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth by the Supreme Court in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), and in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  This plausibility standard requires that a complaint contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1940.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1965.

On appeal, Weinacker first contends that the district court applied incorrectly the applicable standard of review in determining that her complaint failed to state a claim for relief.  This argument is without merit.  The district court recited and applied correctly the "plausibility standard" of review established in Twombly and Iqbal.  The court also properly accepted the allegations in Weinacker's complaint as true and construed the facts in the light most favorable to Weinacker.  To the extent Weinacker seeks to challenge -- as creating an "unfair burden" on plaintiffs -- the Supreme Court's decisions in Twombly and Iqbal, that

is no issue for this Court to decide: we are bound by the Supreme Court's decisions.

Weinacker also challenges the district court's determination that her section 1983 claims are barred by Heck. A section 1983 claim for damages must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 114 S. Ct. at 2372. Here, Weinacker's section 1983 claims focus mainly on -- and challenge directly -- the propriety and validity of criminal proceedings. Thus, because a judgment in favor of Weinacker on her section 1983 claims would necessarily imply the invalidity of her conviction or sentence -- neither one of which has been already invalidated -- Weinacker's claims were subject to dismissal. See id.

Weinacker next challenges the district court's determination that her section 1983 claims were also barred by the statute of limitations. In particular, Weinacker contends that she lacked access to pertinent records from her criminal prosecution -- that is, "court transcripts, audio recordings, FBI investigative documents as well as other documents and records related to her indictment" -- until after she was released from prison in late September 2013. As a result, Weinacker argues that the statute of limitations[4] did not begin to run until October 2013, when she first

---

[4] Weinacker does not dispute that her section 1983 claims are subject to a two-year statute of limitations, pursuant to Ala. Code § 6-2-38(l).

discovered the alleged violations. Thus, Weinacker contends that her complaint -- filed in May 2015 -- was timely-filed.

The statute of limitations will generally "not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996).

The district court concluded -- given Weinacker's protestations of innocence -- that Weinacker knew or should have known of the alleged violations when she was convicted and sentenced. On appeal, Weinacker contends generally that she could not have learned of the alleged violations while she was in prison. Weinacker fails, however, to explain why the alleged violations were not apparent to her during the course of her bankruptcy and criminal proceedings, why she was unable to access the pertinent documents while in prison, or why those documents were necessary to the discovery of the alleged violations. Moreover, Weinacker's status as a prisoner -- in and of itself -- did not act to toll the statute of limitations. Cf. Ala. Code § 6-2-8(a); see also Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (federal courts generally refer to state law for tolling rules). Thus, to the extent Weinacker's section 1983 claims were not barred by Heck, they were dismissed properly as time-barred.

We note that Weinacker has failed to present substantive argument challenging the district court's remaining grounds for dismissal. For instance, Weinacker raises no argument about the district court's dismissal of the three Wal-Mart defendants, the federal prosecutors, the federal judicial officers, or the federal agencies and agency directors. Weinacker also fails to challenge the district court's dismissal of her Counts 8, 9, 13, 18, 19, and 20, or of her claims under 42 U.S.C. §§ 1981, 1985, 1986, and 1988.

While pro se briefs are generally held to a less stringent standard than those submitted by lawyers, courts are not required to step into the role of de facto counsel. GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). To the extent Weinacker has failed to challenge on appeal the district court's grounds for dismissal, she has abandoned those claims. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Nevertheless, even if Weinacker had not abandoned the arguments, we conclude -- for the reasons discussed here and in the district court's order -- that the district court dismissed properly Weinacker's complaint for failure to state a claim.

AFFIRMED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 25, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-15978-BB  
Case Style: Teresa Weinacker v. Henry Callaway, et al  
District Court Docket No: 1:15-cv-00267-AK-C

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch  
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion